IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DENTON S. BRAITHWAITE a/k/a DAVID HUTCHINSON, | : : : | |
| Petitioner, | : : | |
| v. | : : | CASE NO. 4:11-CV-56 CDL-MSH  28 U.S.C. § 2241 |
| Attorney General ERIC HOLDER, *et al.*, | : : | |
| Respondents. | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondents' Motion to Dismiss (ECF No. 27), portions of which have been converted to a motion for summary judgment (ECF No. 38), and Petitioner's cross-motion for summary judgment (ECF No. 44). Having thoroughly reviewed the record, the Court recommends granting Respondents' motion for to dismiss in part, for lack of jurisdiction. Respondents' motion for summary judgment should likewise be granted concerning Petitioner's constitutional claims and Petitioner's motion for summary judgment should be denied.

## BACKGROUND

Petitioner filed his application for habeas relief pursuant to 28 U.S.C. § 2241 on June 2, 2011 (ECF No. 1). Therein Petitioner argues that he must be released from the custody of Immigration and Customs Enforcement ("ICE") pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been in custody longer than the presumptively reasonable six-month period and because there is no significant likelihood

of his removal in the reasonably foreseeable future. (Pet. for Habeas Corpus 6.) Furthermore, Petitioner claims that ICE has improperly identified him as "David Hutchinson" a Jamaican national and that Petitioner is actually Denton Braithwaite who was born in the United States Virgin Islands. (Pet. for Habeas Corpus 4-5.) Because Petitioner states that he is Denton Braithwaite, not David Hutchinson, Petitioner refuses to sign any documents referring to him as "David Hutchinson" or assist the Jamaican consulate with providing Petitioner with travel documents. (*See, e.g.,* Resp'ts' Mot. for Summ. J. Exs. U-BB, CC, EE.) Respondents contend that the Court lacks jurisdiction to determine Petitioner's identity because that issue is a collateral attack on his final order of removal and that his continued detention is consistent with *Zadvydas* because Petitioner's failure to cooperate is the reason Petitioner has not yet been deported.

## DISCUSSION

### I.  Respondents' Motion to Dismiss

#### A.  Proper Parties

Respondents contend initially that Eric H. Holder, Jr., Janet Napolitano, Felicia Skinner, and Michael Gladish should be dismissed as improper parties. Specifically, Respondents claim that 28 U.S.C. § 2242 requires that an application for a writ of habeas corpus be brought against the person "who has custody over [the applicant]." Respondents claim that that person for Petitioner is the warden of Stewart Detention Center, Michael Swinton. Respondents cite *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) to support this position. Petitioner has not responded to his argument.

In *Padilla*, the Supreme Court reaffirmed the conclusion that habeas "'provisions

2

contemplate a proceeding against some person who has the *immediate custody* of the party detained . . . .'" 542 U.S. at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). For challenges to physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. Since Petitioner is challenging his physical confinement, there is no reason to deviate from the traditional habeas rule as explained in *Padilla*. 542 U.S. at 435-40, 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). Consequently, the Court finds that Michael Swinton is the proper respondent in this case and Eric H. Holder, Jr., Janet Napolitano, Felicia Skinner, and Michael Gladish should be dismissed.

B. Jurisdiction

Respondents also contend that, to the extent that Petitioner is challenging his final order of removal, his petition should be dismissed for lack of jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(1). Specifically, Respondents claim that the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The Court agrees.

The REAL ID Act states:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances. *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review."). Here, because there is a final order of removal and because Petitioner is contesting factual determinations made concerning that final order of removal, this Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claim.

Despite the fact that the Court lacks jurisdiction to consider Petitioner's citizenship claim, the Court recognizes the unique nature of his contentions. Petitioner is not only arguing that he is a United States Citizen, but is arguing that ICE and the Department of Homeland Security (DHS) have improperly identified him as David Hutchinson. Petitioner does not contest that David Hutchinson is a Jamaican national, but states that he is Denton Braithwaite and was born in the U.S. Virgin Islands. Petitioner has consistently maintained this argument throughout the immigration hearings and process. Despite Respondents' assertions to the contrary, the Court notes that it is not apparent in the record whether "David Hutchinson" was an alias ever used by Petitioner, although Petitioner admits to using multiple aliases. Petitioner has presented, on its face, a non-frivolous citizenship claim.

The Court further recognizes that Petitioner has not had judicial review of this

claim and that there is a "strong presumption in favor of judicial review of administrative action . . . ." *INS v. St. Cyr*, 533 U.S. 289, 298 (2001).  However, Petitioner could have had judicial review of this claim had he appealed the order of removal to the BIA and ultimately to the Eleventh Circuit.  *See* 8 U.S.C. § 1252(b)(5) (discussing nationality claims at the appeals level).  Petitioner chose not to pursue an appeal at the time the Immigration Judge issued his order.  That order states that appeal in Petitioner's administrative case has been "Reserved by the Court."  (Resp'ts' Mot. for Summ. J. Ex. R.)  Consequently, Petitioner may still be able to file an appeal to the Bureau of Immigration Appeals ("BIA").  If he cannot file a direct appeal, he may be able to reopen his case pursuant to 8 U.S.C. § 1229a.  Regardless, this Court cannot at this time review such a claim.[1]  Respondents' motion to dismiss should be granted regarding Petitioner's attempts to directly challenge his final order of removal.

## II.     Motion for Summary Judgment

### A.     Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most

---

[1] In *Flores-Torres v. Mukasey*, 548 F.3d 708 (9th Cir. 2008), the Ninth Circuit explained that the district court could retain habeas jurisdiction over a citizenship claim by an individual who is not subject to a final order of removal.  548 F.3d at 710-13.  Once a final order of removal has been issued, however, the REAL ID Act provides the exclusive method for a petitioner to argue his nationality claim.  *See id.* at 711; *see also Madu v. Att'y Gen.* 470 F.3d 1362, 1367 (11th Cir. 2006) (discussing the REAL ID Act's "explicit bar on habeas jurisdiction over certain claims" only in cases in which there is a final order of removal).

favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

    B.    <u>Respondents' Motion for Summary Judgment</u>

Petitioner asserts that his continued detention violates his due process rights as articulated by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained longer than six months and there is no significant likelihood of removal in the reasonably foreseeable future. Respondents contend in response that summary judgment should be granted in their favor because Petitioner's continued detention is constitutional as a matter of law. Specifically, Respondents claim that (1) Petitioner's noncompliance is the cause for the delay in his removal, and (2) that Petitioner has failed to show that there is no significant likelihood of removal in the reasonably foreseeable future. (Mem. of Law in Supp. of Resp'ts' Mot. for Summ. J. 10, ECF No. 38-1.) The Court agrees with Respondents and finds that summary judgment should be entered in their favor.

Petitioner's detention by the INS pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal. INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B).

6

During the 90-day period, Congress has mandated detention of the alien ordered removed. INA § 241(a)(2); 8 U.S.C. § 1231(a)(2). Additionally, the ninety-day removal period may be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701. The six month presumption does not mean that every detainee not removed within the time period must be released. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. The Court of Appeals for the Eleventh Circuit has specifically held that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (internal quotation marks and citation omitted).

Here, it is uncontested that Petitioner has refused to cooperate with ICE and the

Department of Homeland Security's attempts to procure removal documents from Jamaica. (*See, e.g.*, Resp'ts' Mot. for Summ. J. Exs. U-Y, BB, EE.) Specifically, Petitioner has refused to sign any documents identifying him as David Hutchinson and refused to attempt to get Jamaican travel documents in that name.[2] Petitioner has failed to provide good reason to believe that, if he would cooperate with ICE and DHS's attempts to procure documentation, there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701 (explaining that the alien must first provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future before burden shifts to government to provide evidence to rebut that showing); *Pelich v. INS*, 329 F.3d 1057, 1061 (9th Cir. 2003) ("We therefore join the existing chorus of courts and hold that an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him."). Because Petitioner's delayed removal is due to his failure to cooperate, Petitioner's continued detention complies with 8 U.S.C. § 1231(a)(1)(C) and is constitutional as a matter of law. Summary judgment should therefore be granted to Respondents.

## CONCLUSION

For the reasons stated above, Respondents' Motion to Dismiss (ECF No. 27) should be granted in part for lack of jurisdiction. Respondents' Motion for Summary Judgment (ECF No. 38) should likewise be granted and Petitioner's cross-motion for

---

[2] As explained *supra*, this Court lacks jurisdiction to review Petitioner's citizenship or identity claim.

summary judgment (ECF No. 44) should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED this 27th day of August, 2012.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE